```
____ FILED      ____ ENTERED
____ LODGED     ____ RECEIVED
```

AUG 16 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable James L. Robart



10-CV-01082-PET

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>ANA PATRICIA MARTINEZ,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>ALLSTAR FITNESS, LLC,<br><br>Defendant. | NO. CV10-1082-JLR<br><br>~~[PROPOSED]~~ CONSENT DECREE |

I. INTRODUCTION

1. This action originated with discrimination charges filed by Ana Patricia Martinez ("Martinez") with the U.S. Equal Employment Opportunity Commission ("EEOC") in Seattle, Washington. Martinez alleged that Allstar Fitness, LLC ("Allstar Fitness" or "Defendant") subjected Martinez to a hostile work environment because of sex and terminated Martinez in retaliation for opposing this discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq.

**CONSENT DECREE**
CV10-1082-JLR
Page 1 of 12

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

2. The EEOC sent Allstar Fitness a Letter of Determination with a finding of reasonable cause that it had violated Title VII based on Martinez's charge of discrimination.

3. The EEOC filed this lawsuit on June 30, 2010, in the United States District Court for the Western District of Washington on behalf of Martinez, alleging that from at least October, 2008 through March, 2009, Allstar Fitness had engaged in unlawful employment practices at its West Seattle and Olive Way facilities in Seattle, Washington in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The EEOC's complaint alleges that defendant engaged in these unlawful practices through the following actions: (1) subjecting Martinez to a hostile work environment because of her sex, female; and (2) retaliating against Martinez for her opposition to the hostile work environment by terminating her. Martinez filed a motion to intervene as an additional plaintiff, was allowed to intervene, and has asserted in her intervenor's complaint similar claims under federal law and also under Washington law, RCW chapter. 49.60.

4. The parties want to conclude fully and finally all claims arising out of the EEOC's complaint and the charges of discrimination filed with the EEOC by Martinez, without expending further resources in contested litigation. They enter into this Consent Decree for that purpose to further the objectives of equal employment as set forth in Title VII.

## II. NONADMISSION OF LIABILITY AND NONDETERMINATION BY THE COURT

5. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Allstar Fitness of a violation of Title VII. Allstar Fitness expressly denies any wrongdoing or liability.

**CONSENT DECREE**
CV10-1082-JLR
Page 2 of 12

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

### III. SETTLEMENT SCOPE

6. This Consent Decree is the final and complete resolution of (1) the charge filed by the EEOC, and (2) all Title VII allegations of unlawful employment practices contained in the complaint the EEOC filed on behalf of Martinez, including all claims by the parties for attorney fees and costs and is binding and final as to all such issues and claims. Defendant and plaintiff intervenor Martinez are entering into a separate settlement agreement and release that states the terms of settlement between them.

7. Defendant will not condition the receipt of monetary relief on Martinez's agreement to: (a) maintain as confidential the facts and/or allegations underlying her charge and complaint and the terms of this Decree; (b) waive her statutory right to file a charge with any government agency; or (c) agree to a non-disparagement and/or confidentiality agreement.

### IV. MONETARY RELIEF

8. In settlement of this lawsuit, Allstar Fitness agrees to pay Ana Patricia Martinez $150,000 [less required withholdings and deductions on the amount of $7,500 (representing lost wages)], thereby resolving all claims for damages, fees, and costs sought through the EEOC's complaint. The terms of the monetary aspect of this settlement are incorporated into the separate signed release and settlement agreement between Martinez and Allstar Fitness to which the EEOC is not a party. Payment shall be delivered by certified mail or messenger delivery, within ten days of the date the court enters this consent decree.

CONSENT DECREE
CV10-1082-JLR
Page 3 of 12

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## V. INJUNCTIVE AND OTHER RELIEF

A.  General Provisions

9. Allstar Fitness, its officers, agents (*i.e.*, persons who have speaking authority for Defendant or discretionary decision-making authority for Defendant), managers, assistant managers and other supervisors and all human resource professionals who provide advice and assistance to the foregoing individuals are enjoined from engaging in practices which constitute harassment based on an employee's sex, and which constitute retaliation for an individual engaging in protected EEO activity. To reaffirm its commitment to comply with Title VII, Allstar Fitness shall institute the policies and practices set forth.

B.  General Provisions

10. Allstar Fitness shall prevent unlawful harassment, discrimination, and retaliation in employment at its places of business. Allstar Fitness shall provide training to its employees, managers, and supervisors in English and in such language (presently Spanish) that is principally used by those employees that are not conversant in English so they understand its Equal Employment Opportunity ("EEO") policies and how those policies define and identify what constitutes harassment, discrimination and retaliation. Allstar Fitness shall ensure that the practices of its managers and supervisors are consistent with the obligations of this paragraph, and compliance with EEO policies will be considered in the performance evaluation of management personnel.

11. Defendant shall create an EEO & harassment policy, within one hundred twenty (120) days of signing the Consent Decree, that: (a) includes definitions of discriminatory harassment, with specific reference to harassment based on sex; (b) includes

CONSENT DECREE
CV10-1082-JLR
Page 4 of 12

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

examples to supplement the definitions of harassment based on sex; (c) provides for substantial discipline and/or corrective action for incidents of discriminatory harassment; (d) includes strong non-retaliation language with examples to supplement the definition of retaliation; (e) provides for substantial discipline for incidents of retaliation; (f) provides that complains of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (g) explains that Defendant will conduct a prompt and thorough investigation after a complaint is made or received and, where appropriate, will take remedial action upon conclusion of an investigation; (h) indicates that, promptly upon the conclusion of the investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation and at least a general description of the remedial actions taken or proposed, if any. The sexual harassment and retaliation policy shall be written in English and in such language (presently Spanish) that is principally used by those employees that are not conversant in English.

12.     Defendant shall effectively disseminate its newly created policies and procedures by: (a) Distributing copies of the policy to all current employees within 10 days of the policy's adoption, with such policy to be reviewed with employees within 30 days (which review at Defendant's option may be done in the training to be provided under paragraph 13 if such training should occur within 30 days of the policy's adoption); (b) Giving a copy of the policy to and reviewing the policy with all new employees, in English or in such language (presently Spanish) that is principally used by those employees that are not conversant in English, within twenty (20) days of the employees' hire.

CONSENT DECREE
CV10-1082-JLR
Page 5 of 12

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

C.  Training

13. Within 180 days of the date of entry of this Consent Decree, Allstar Fitness shall provide to its owners, all managers, assistant managers and supervisors no less than four (4) hours and to other employees no less than two (2) hours) of face-to-face training by a qualified trainer on harassment, employment discrimination, and retaliation for engaging in protected EEO activity, except that those part-time employees who work 10 hours or less per week may receive such training by computer interactive training or by videotape/DVD: PROVIDED, such employees who receive training by videotape/DVD complete a short questionnaire upon completing such videotape/DVD training that: (1) certifies that the employee viewed the entire videotape/DVD training material; and (2) provides responsive answers which indicate the employee has a basic fundamental understanding of what constitutes sexual harassment, employment discrimination, and retaliation for engaging in protected EEO activity, and is aware of how and to whom an employee may complain about sexual harassment, employment discrimination, and retaliation for engaging in protected EEO activity at Allstar Fitness.

The trainings described in the above paragraph shall be in English and in such language (presently Spanish) that is principally used by those employees that are not conversant in English.

Annually thereafter for the life of this Consent Decree, Allstar Fitness will require: (1) all managers, assistant managers and supervisors to complete two (2) hours and all other employees to complete one (1) hour of face-to-face training by a qualified trainer on harassment, employment discrimination, and retaliation except that those part-time employees

CONSENT DECREE
CV10-1082-JLR
Page 6 of 12

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

who work 10 hours or less per week may receive such training by computer interactive training or by videotape/DVD: PROVIDED, such employees who receive training by videotape/DVD complete a short questionnaire upon completing such videotape/DVD training that: (1) certifies that the employee viewed the entire videotape/DVD training material; and (2) provides responsive answers which indicate the employee has a basic fundamental understanding of what constitutes sexual harassment, employment discrimination, and retaliation for engaging in protected EEO activity, and is aware of how and to whom an employee may complain about sexual harassment, employment discrimination, and retaliation for engaging in protected EEO activity at Allstar Fitness. For all training required under this Consent Decree, Allstar Fitness shall arrange for interpretation in such language (presently Spanish) that is principally used by those employees that are not conversant in English so that all employees understand their rights and responsibilities under the law.

      D.    <u>Expungement of Records and Employment Reference</u>

      14.    Allstar Fitness shall not disclose any information or make reference to any charge of discrimination that is the subject of this lawsuit in responding to employment reference requests for information about Martinez.

      15.    Allstar Fitness shall expunge from the personnel files of Martinez any reference to her charge of discrimination against Allstar Fitness and this lawsuit. If Martinez wishes to do so, and upon three days' notice to Allstar Fitness' attorney, Steven Rockey, Allstar Fitness shall permit her to review her personnel files to ensure that all such references have been expunged. Allstar Fitness shall not add any information or references to her

CONSENT DECREE
CV10-1082-JLR
Page 7 of 12

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

personnel file regarding this charge of discrimination and this lawsuit after such references have been expunged. Allstar Fitness will provide Martinez with an employment reference stating Martinez's dates of employment with Allstar Fitness and position(s) held in a form agreed upon by the parties.

E. <u>Policies Designed to Promote Supervisor Accountability</u>

16. Allstar Fitness shall specifically advise all managers and supervisors at all of its facilities of their duty to ensure compliance with its EEO policies, and to report any incident or complaint of harassment, discrimination, or retaliation, of which they become aware. If such a manager or supervisor violates Allstar Fitness' EEO policies, he or she may be subject to discipline up to and including termination and compensation may be affected. Allstar Fitness shall appropriately discipline any such manager or supervisor who retaliates against any employee for reporting or relaying any incident of discrimination or retaliation under Allstar Fitness' EEO policy, or for participating in or conducting an investigation of such an incident.

17. Allstar Fitness shall include "commitment to equal employment opportunity" or similar designation as a criterion for qualification for evaluation of supervisory positions.

F. <u>Provisions Regarding Defendant's Facilities Director</u>

18. AllStar Fitness will (a) implement a second level of review of all termination decisions by Defendant's present facilities director who is referred to in the EEOC's complaint, to be performed by a peer or by a supervisor of him, to confirm that such terminations are consistent with progressive discipline policies of Defendant and that discipline has been documented; and (b) review the provisions of this Consent Decree with

**CONSENT DECREE**
CV10-1082-JLR
Page 8 of 12

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

the facilities manager within ten (10) days of entry of the decree, such review to be performed by defendant's owner, or comptroller, or attorney in this action.

G. <u>Reporting</u>

19. Allstar Fitness shall report in writing to the EEOC beginning six (6) months from the date of entry of this decree, and annually thereafter for the duration of the decree the following information:

a. Certification of the completion of training as set forth in Paragraph 13 above, and a list of all attendees including job titles.

b. Certification that its EEO policy has been sent to all current and newly hired employees as described in Paragraph 12 above.

c. A copy of its EEO policy and a list of any changes, modifications, revocations or revisions in its EEO policies and procedures if any, which concern or affect the subject of discrimination and retaliation;

d. A summary of all harassment, discrimination and retaliation complaints if any, filed by employees, identified by name, and the resolution of each complaint.

H. <u>Posting</u>

20. Allstar Fitness shall post a Notice, attached as Exhibit 1 to this Consent Decree. The Notice shall be posted on a centrally located bulletin board at all Allstar Fitness facilities for the duration of the Consent Decree.

VI. <u>RETENTION OF JURISDICTION</u>

21. The United States District Court for the Western District of Washington shall retain jurisdiction over this matter for the duration of the decree.

**CONSENT DECREE**
CV10-1082-JLR
Page 9 of 12

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## VII. DURATION AND TERMINATION

22. This Decree shall be in effect for five (5) years from the date the Court enters this Decree. If the EEOC petitions the Court for breach of the Decree, and the Court finds Allstar Fitness to be in violation of the terms of the Decree, the Court may extend the duration of the Decree. The EEOC shall provide thirty (30) days' advance written notice to Allstar Fitness of the filing of any such petition, and the parties shall use that thirty (30) day period for good faith efforts to resolve the matter.

## VIII. CONCLUSION

23. The parties are not bound by any provision of this decree until it is signed by authorized representatives of each party and is entered by the Court.

Dated this 16th day of August, 2011.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| WILLIAM TAMAYO<br>Regional Attorney<br>San Francisco District<br>350 The Embarcadero, Suite 500<br>San Francisco, California 94105-1260 | P. DAVID LOPEZ<br>General Counsel<br><br>JAMES L. LEE<br>Deputy General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| BY: _s/ May Che_<br>MAY CHE<br>Senior Trial Attorney<br>Seattle Field Office<br>909 First Avenue, Suite 400<br>Seattle, Washington 98104<br>Phone: 206-220-6919<br>Email: may.che@eeoc.gov | Office of the General Counsel<br>131 "M" Street NW, 5th Floor<br>Washington, D.C. 20507 |

Attorneys for Plaintiff EEOC

**CONSENT DECREE**
CV10-1082-JLR
Page 10 of 12

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Dated this 16th day of August, 2011.

ROCKEY STRATTON, P.S.

BY: _s/ Steven A. Rockey_
Steven A. Rockey
521 Second Avenue West
Seattle, WA 98119-3927
Phone: 206-223-1688
Email: sarservice@erslaw.com

Attorney for Defendant

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**CONSENT DECREE**
CV10-1082-JLR
Page 11 of 12

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## [PROPOSED] ORDER APPROVING CONSENT DECREE

The Court, having considered the foregoing stipulated agreement of the parties, **HEREBY ORDERS THAT** the Consent Decree be, and the same hereby is, approved as the final decree of this Court in full settlement of this action. This lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees. The Court retains jurisdiction of this matter for purposes of enforcing the Consent Decree approved herein.

DATED this 16th day of August, 2011.

_____
The Honorable James L. Robart
United States District Judge

Presented by:

THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

BY: ___s/ May Che_____
May Che
Attorneys for Plaintiff
Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Ste. 400
Seattle, WA 98104


ROCKEY STRATTON, P.S.

BY: _s/ Steven A. Rockey_____
Steven A. Rockey
Attorney for Defendant
Allstar Fitness, LLC
521 Second Avenue West
Seattle, WA 98119-3927

CONSENT DECREE
CV10-1082-JLR
Page 12 of 12

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882



# NOTICE TO EMPLOYEES

This notice is posted pursuant to the settlement of a lawsuit: *EEOC v. ALLSTAR FITNESS, LLC.*, CV10-1082-JLR. In accordance with the Consent Decree, Allstar Fitness will provide anti-discrimination training to all employees, supervisors, and management at all its facilities; provide its EEO policy to all employees at all sites; implement policies to ensure supervisor accountability with regard to anti-discrimination practices; and report to the EEOC all complaints of sexual harassment or retaliation it receives from Allstar Fitness employees for the next five (5) years.

Federal law prohibits an employer from discriminating against any individual based on the individual's sex with respect to hiring, promotion, demotion, terms and conditions of employment, and/or termination. Federal law also prohibits an employer from allowing any employee to be harassed because of sex. It is also unlawful for an employer to retaliate against any individual because he or she complains of discrimination or harassment, cooperates with the investigation of a discrimination or harassment charge by Allstar Fitness or a government agency, participates as a witness or potential witness in any investigation or legal proceeding, or otherwise exercises his or her rights under the law.

Any employee who is found to have retaliated against any other employee because such employee participated in this lawsuit will be subject to substantial discipline, up to and including immediate discharge.

Should you have any complaints of discrimination, you should contact your supervisor, any upper level management individual or Human Resources.

Employees have the right to bring complaints of discrimination, sexual harassment and/or retaliation to the U.S. Equal Employment Opportunity Commission, Seattle Field Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, 206/220-6885, and-1-800-699-4000.

This notice shall remain prominently posted in English and Spanish and/or in the predominant language used by its employees at all Allstar Fitness facilities until 2016, the duration of the Consent Decree referred to above. This official Notice shall not be altered, defaced, covered or obstructed by any other material.

**EXHIBIT 1**